WALLACE, JUDGE:
The claimant, Bliss Wotring, filed this claim in the amount of $2,500.00 against the respondent for water damage to his property located on the south side of W.Va. Route 7 five miles west of Kingwood, West Virginia, in Preston County, The natural terrain slopes downhill from Route 7 to the claimant’s house. The road down the hill from Route 7 to the claimant’s home was formerly part of old Route 7 which was abandoned after the present highway was constructed and is now claimant’s private road. It is not a part of the highway system and is not maintained by the respondent.
*163 On July 25, 1977, there was a heavy rain causing water to flow down the road and into claimant’s field. The claimant testified approximately IV2” of rain fell. The respondent’s witness testified that the records maintained by the respondent in Kingwood indicated there were 2.49 inches of rainfall.
The claimant testified that the culverts on Route 7 and one under his private road were stopped up due to the respondent’s failure to keep them open. He stated this caused the water from the heavy rain to flow down his road and into his field causing considerable damage. He also stated that dirt from the construction of a private road on the north side of Route 7 filled the drainage ditches causing the water to flow down his road. The claimant did not complain to the respondent of the condition until the day after the heavy rain.
This Court made an award to the claimant herein in 1972 under similar circumstances as in the instant case. See Wotring v. Dept. of Highways, 9 Ct. Cl. (1972). In the 1972 case, no evidence was introduced by the respondent to refute the claimant’s claim. The uncontradicted evidence indicated a drainage problem existed and that the State had been notified months before the damage and failed to correct the problem. In the instant case, the claimant testified that a culvert on Route 7 was stopped up as well as the culvert under his private road. The respondent had no notice of an existing problem. To the contrary, Gerald M. Lowe, an inspector for the respondent, testified the ditches along W.Va. Route 7 in the vicinity of claimant’s property were pulled with a grader on July 17, 18, and 19, 1977, to remove debris, and that the inlets and outlets of drains were cleaned in preparation for paving the road.
Ernest W. Shaffer, respondent’s Preston County road superintendent, testified that he went to the claimant’s property with another employee on July 27, 1977, in response to the complaint of the claimant the previous day. He stated the claimant’s road was in “pretty good shape” and that he saw no debris in the ditches along W.Va. Route 7.
From the record in this case it is most difficult for the Court to believe that the diversion of surface water caused by a stopped culvert, if actually stopped up, was the sole cause of *164 the damages claimed. The water from the heavy rain followed its natural course down the slope of the hill and claimant’s road. To hold, that a diversion of water from a stopped culvert was the sole, direct, and proximate cause of the damage, is unwarranted from the evidence.
Accordingly, the Court is of the opinion that the claimant has not shown by a preponderance of the evidence that the damages claimed were the result of actionable negligence on the part of the respondent, and hereby disallows the claim.
Claim disallowed.