WALLACE, JUDGE:
Claimant is the owner of a house on U.S. Route 119 in Webster, Taylor County, West Virginia. The house is located on the west side of Route 119, which runs north and south. There is a hillside on the east side of Route 119. The road slopes from the south towards claimant’s home. Claimant alleges that due to respondent’s negligence in maintaining the culverts and ditches in the area, her property sustained water damage on June 5, 1981, and various dates since that initial flood. As a result of the water, part of the basement wall has fallen in, and certain items of personal property have been lost. Claimant seeks $57,000.00 in damages. Respondent alleges that the flooding did not occur due to any action or inaction on its part, but rather that the property is in a low-lying area and that the initial flooding occurred during a period of an unusually hard rain.
Claimant testified that she purchased the property in May 1980 for $10,000.00. There was a retaining wall alongside the road when claimant purchased the property. The wall washed out during the June 5, 1981, flooding and has not been replaced. At the time of the purchase, claimant made inquiries about water damages in the area. She stated that a neighbor had informed her of water run-off from the hillside. This run-off caused a porch and steps on the side of the house to wash out sometime before June 5, 1981.
Claimant testified that she contacted respondent prior to June 5, 1981, to try to have work done on the road. She said that she could see water problems developing and wanted to prevent any damage. Various representatives of respondent viewed the property, she said, but no action was taken. She stated that she believed cleaning the ditches along the road and installing “appropriate culverts” would prevent further damage.
Toxell O. Mason, a civil engineer, testified for claimant. He said that there were three streets or approaches to the south of claimant’s property on the east side of Route 119. The culverts under the approaches and the ditches along the road are inadequate, according to Mr. Mason. When the rain started, he testified, the water had nowhere to go except across the road and onto claimant’s property.
*46 Jeffrey A. Newlon, a civil engineer employed by respondent, testified that the ditch and culverts are adequate to handle a normal rainstorm. He determined that the cause of the flooding was water running off the hillside on the east side of Route 119. The water was collected on the side streets which directed the water across Route 119 before it would be directed into the ditch line. Flooding would occur in this manner during periods of excessive rainfall only. The addition of culverts or deeper ditches would not help the situation, according to Mr. Newlon, because the water does not reach the ditch. He stated that he did not know of anything that could be done to correct the problem.
Paul Curry, a road maintenance supervisor, testified that there had been between three and four inches of rain in an hour on June 5, 1981, which was an unusually heavy amount. He also stated that the ditches are cleaned on Route 119 every year, and had last been cleaned approximately seven months before the initial flooding on October 30, 1980. He added that the fact that the retaining wall had not been replaced contributed to the continuing water problem.
After careful consideration of the record in this case, the Court has determined that no action or inaction on the part of the respondent was the proximate cause of the damage suffered by claimant. Rather, it appears that the damage occurred during a period of unusually heavy rainfall, where the water followed its natural course onto claimant’s property. While the Court is sympathetic to claimant’s plight, claimant has not established, by a preponderance of the evidence, actionable negligence on the part of respondent; the Court must, therefore, deny the claim. Wotring v. Dept. of Highways, 12 Ct.Cl. 162 (1978).
Claim disallowed.