PER CURIAM:
Claimant Herbert Midkiff is the owner of property located at 2599 Hutchinson Branch Road in Kenova, Wayne County, West Virginia, which he purchased in December of 1974. Hutchinson Branch Road, known as State Local Service Route 8/1, is owned and maintained by the respondent.
Mr. Midkiff testified at the hearing that, as early as 1975, he noticed a drainage problem on Hutchinson Road. The claimant contends that the failure of the respondent to properly ditch the road has resulted in excessive drainage upon his property causing damage thereto.
In 1979 the flow of water from Route 8/1 onto claimant’s land saturated the soil in the area of the leach bed for the septic tank, causing it to fail.
Testifying on behalf of the respondent was Curtis Asbury, Wayne County Maintenance Supervisor, who stated that State Local Service *152 Route 8/1 is a “low priority” road because of the traffic count. As such, the road must receive “at least routine maintenance once a year.” When asked how many times the ditch along Route 8/1 in the vicinity of claimant’s property had been cleaned in the past five years, Mr. Asbury replied, “three times.”
Liability for surface water damage has been imposed upon the State by this Court when the Department of Highways has improperly diverted surface water or collected it in a mass and caused it to flow onto a claimant’s land in three basic situations: where culverts were improperly maintained or inadequate in size, where drainpipes were negligently maintained, and where ditch lines were not properly maintained. On the other hand, no liability on the part of the State has been found where water flows in a natural course downward onto lower property. Wotring v. Dept. of Highways, 12 Ct.Cl. 162 (1978).
The record in this claim indicates that the damage to the claimant’s property resulted from a combination of causes. Photographs introduced into evidence show Mr. Midkiff’s property to be lower than the adjoining areas. Water flowed naturally from the higher elevation of Route 8/1 down to claimant’s land. However, the testimony of Mr. Midkiff, that the water came from the improperly maintained ditch on the opposite side of the roadway, flowed across the road, and then down to his property, cannot be ignored.
The excessive amount of water cast upon the claimant’s land damaged claimant’s septic tank requiring it to be replaced at a cost of $2,555.00. The claimant also expended $1,124.00 for work performed on his driveway and the road in an attempt to correct the water problem. The alleged loss of $2,000.00 in an attempted sale of the property is purely speculative in nature and .will not be considered by the Court as damages.
From the record in this claim, the Court is of the opinion that excessive water, beyond that which naturally would have occurred, was cast upon claimant’s land as a result of inadequate maintenance of the ditch line on Hutchinson Branch Road; therefore, the Court allows the claim in the amount of $3,679.00.
Award of $3,679.00.