LYONS, JUDGE:
Claimants own real property located in Greenville, Logan County, West Virginia. This property fronts on Main Street, which is also known as Route 11/3. Behind the property lies Burgess Avenue, or Route 702/7. Claimants have a house on the property. They allege that work performed by respondent’s employees on Burgess Avenue has resulted in water run-off from the road onto their land, causing $10,000.00 in damages.
Burgess Avenue is little more than a dirt alley which gradually slopes downhill from Claypool Street to Park Street. Claimants’ house is situated near the midpoint between those two streets. There is a hillside behind Burgess Avenue. Mr. Lawson testified that in the summer of 1980, respondent placed dirt on Burgess Avenue on the Park Street end. According to Mr. Lawson, this caused a greater slope on Burgess Avenue and caused water to flow onto the property. Mr. Lawson testified that work, in approximately June 1982, consisting of grading and laying drainpipe, did not improve the situation. Claimants dug ditches along the sides of their house to try and redirect the water away from the house. Various expenditures were incurred to repair damage to the house, but much of this evidence was lost when the house burned in October 1982. Claimants received an insurance settlement for the house, but not for the water damages. Claimants have since rebuilt, but make no claim for damage to the present house.
John Sammons, a technician in the maintenance section for District Two, which includes Logan County, testified that Burgess Avenue did not become part of the State road system until June 1981. At that time, a portion of the road, from Park Street to about the midpoint of claimants’ property, was taken into the system. The rest of the road was undriveable and, therefore, not included. Mr. Sammons stated that work was performed to improve the drainage on Burgess Avenue in January 1983. A drainpipe was installed and the road was ditched in order to divert the water from the hillside. This work was done on the portion of Burgess Avenue which is within the State road system.
Everett Bowden, a foreman with respondent, testified that prior to 1981, the only time work performed on Burgess Avenue that he was *170 aware of, occurred in 1980. At that time, dirt and gravel were dumped in potholes on both the Claypool and Park Street ends of Burgess Avenue. Ivan Browning, a highway engineer, testified that this would have had no effect on the drainage in the vicinity of claimants’ home. He explained that the water drains in another direction from Claypool Street and Park Street is downhill from claimants’ land. Mr. Browning said that the water comes off the hillside and onto claimants’ property. There were other contributing factors to the water problem. These include the addition of several houses on the hillside, a driveway directly behind the claimants’ land, and grading on Burgess Avenue which was done by a private contractor in the summer of 1980. All of these factors serve to concentrate water onto the lower lying properties.
A preponderance of the evidence clearly indicates that the claimants’ property is located in a natural drainage area, and the work performed by the State was not the proximate cause of the damage to claimants’ property. Wotring vs. Dept. of Highways, 12 Ct.Cl. 162 (1978).
Claim disallowed.