STEPTOE, JUDGE:
Claimants brought this action to recover damages to their property located in Monongalia County, West Virginia. Claimants allege respondent failed to properly maintain drains and culverts situate along Boy Scout Camp Road (Evansdale Turnpike), Morgantown, Monongalia County. Claimant asserts that on June 22, 1989 “there was a flood in the area,” that caused personal property and structural damages. Respondent was notified on June 23, 1989, and inspected the flooding. Approximately 30 days later, flooding again occurred, causing additional damage to claimants’ house. This claim is brought for damages in the amount of $25,000.00.
Respondent confirms that an inspection of the flood area was made on or about June 23, 1989; and the drains and culverts were not determined to require cleaning, although a culvert appeared “blocked.” Respondent avers that the water damage to the residence was the result of unusual localized rainfall, and inadequately designed roof and ground water drainage, unrelated to respondent’s peripheral road culverts and drains.
Testimony indicates that claimant designed and constructed the house involved here, and that claimant is not an architect, or licensed contractor. He is by trade a carpenter, not an engineer. Claimant testified that he did not install a drain within his basement, as it did not appear necessary. Claimant was certainly aware that his house was below road surface, and the potential for flooding was present. The construction of an apartment building adjacent to claimants’ house may have further contributed to the water flow (drainage) directed down toward claimants’ house. The apartment building was likewise designed and built by claimant. There appears to this court a nexus between the appearance of the new apartment building and the enhanced probability of flooding to claimants’ house. Claimant testified that for some 20 years prior to 1989, the house was not subject to flooding. However, the apartment was built in the last three years, and during the first year (1988) claimant testified there was a drought in the area. That leases 1989 as the first real test of whether the apartment location may have in some fashion contributed to or caused the flooding to claimants’ house. Before the construction of the apartment building there was no report flooding; but in 1989, within one year of its construction, flooding resulted.
Likewise of concern to the Court is the unusual weather and excessive rainfall experienced in the area of claimants’ house, during the Summer months of 1989. After the initial “torrential” rainfall on June 22, 1989, claimant experienced flooding to the basement. Flooding again occurred one month later, during heavy rain. The Court recognizes that Hurricane Hugo was active and present in late Summer of 1989 and the increase in rainfall is attributable to the *33 hurricane.
The case law in this area is well settled. Where a preponderance of the evidence clearly indicates that claimants’ property is located in a natural drainage area and work performed by the respondent in the vicinity was not the proximate cause of the damage, the Court must deny the claim. Edward Lawson and Beulah Lawson vs. Dept. of Highways, 15 Ct.Cl. 169 (1984). The Court has consistently held where damage to property was the result of heavy rainfall, rather than inadequate maintenance of drainage, the claim must be denied. Helen D. Hudson and Joseph E. Hudson v. Dept. of Highways. The Court is satisfied from the testimony and demonstrative renderings that claimants’ property is below the road surface, and below the drainage area of any area adjacent apartment building. Accordingly, the house received water run off, for which the homeowner may have inadequately designed his own drainage. It is not the position of this Court to engage in speculation. It is the burden of the claimant to plead and prove with a preponderance of the evidence that the damage was the actual and proximate consequence of negligent conduct by respondent. That burden was not reached, and the claim must be disallowed.
Claim disallowed.